NO. 07-08-0086-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2008

______________________________

KENCO BANCSHARES, INC., APPELLANT

V.

E.O.WINKLES, INDIVIDUALLY AND AS INDEPENDENT

EXECUTOR AND TRUSTEE UNDER THE WILL OF

ALICE E. WINKLES, DECEASED, APPELLEE

_________________________________

FROM THE 39TH DISTRICT COURT OF KENT COUNTY;

NO. 1639; HONORABLE CHARLES LEWIS CHAPMAN, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ON MOTION TO DISMISS

On April 17, 2008, appellant Kenco Bancshares, Inc., filed an unopposed motion to dismiss this appeal.  No decision of this Court having been delivered to date, we grant the motion.  Accordingly, the appeal is dismissed.  Tex. R. App. P. 42.1(a)(1).  As no agreement regarding appellate costs has been filed, all costs incurred by this appeal are adjudged against appellant.  Tex. R. App. P. 42.1(d).  No motion for rehearing will be entertained and our mandate will issue forthwith.

James T. Campbell

         

Justice
rt of a motion to withdraw.  Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction and the motion to withdraw is rendered moot.

In support of her motion to withdraw, counsel has certified that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  
Thus, she concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a 
pro se
 brief if he desired to do so.  Appellant did not file a 
pro se 
brief and the State did not favor us with a brief. 

Appellant was granted deferred adjudication on February 8, 1999, and on August 29, 2002, upon the State’s motion to proceed, the trial court adjudicated him guilty of the original offense.  Relying on article 44.02 of the Texas Code of Criminal Procedure, appellant filed a pro se notice of appeal.  Following counsel’s appointment to represent appellant on appeal, she filed an 
Anders
 brief advancing one arguable ground, to-wit:  whether the trial court abused its discretion in accepting appellant’s pleas of guilty and true as they were involuntarily given.

When an appeal is made challenging an issue relating to a conviction rendered from a defendant’s initial guilty plea and the punishment assessed does not exceed the punishment recommended by the State, the notice of appeal limitations of former Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure are triggered.  Vidaurri v. State, 49 S.W.3d 880 (Tex.Cr.App. 2001).  Moreover, voluntariness of a plea is no longer appealable from plea-bargained felony convictions.  Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001).  Thus, because appellant’s notice of appeal did not comply with the requirements of former Rule 25.2(b)(3), we are without jurisdiction to entertain any arguable complaints that could have been raised. 

Accordingly, the appeal is dismissed for want of jurisdiction and counsel’s motion to withdraw is rendered moot.

Don H. Reavis

    Justice

Do not publish.